828 F.2d 20
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard HENSON, Defendant-Appellant.
 No. 87-5122
 United States Court of Appeals, Sixth Circuit.
 September 1, 1987.
 
 Before BOYCE F. MARTIN Jr. and BOGGS, Circuit Judges, and WISEMAN,* Chief District Judge.
 PER CURIAM.
 
 
 1
 Richard Henson appeals his conviction for being a felon in possession of firearms, in violation of 18 U.S.C. app. II Sec. 1202(a)(1). He argues that he was indicted on the federal charge in retaliation for his successful appeal of a manslaughter conviction in state court. He claims that the second indictment amounted to vindictive prosecution and served to punish him for exercising his right to appeal. For the following reasons, we affirm the district court.
 
 
 2
 In 1982 Henson was tried in state court for the murder of Tim Hale. Henson was convicted of manslaughter but the Kentucky Court of Appeals reversed the conviction. After a second trial in 1986 Henson was acquitted. In October 1986 Henson was indicted for being a felon in possession of firearms. This charge stemmed from the fact that during the investigation of the murder, Kentucky State Police Detective Howard Bellamy found nine firearms in Henson's home. Henson had prior felony convictions for breaking and entering and shooting with intent to kill.
 
 
 3
 Henson argues that had he not been successful on his state appeal he would not have been indicted for the federal firearms offense. He claims that the subsequent indictment amounted to prosecutorial vindictiveness.
 
 
 4
 In reviewing allegations of retaliatory prosecution we must assess the particular situation in order to determine if it presents opportunities for vindictiveness. Thus, logic dictates that charges of retaliatory or vindictive prosecution will generally arise in instances where the prosecuting authority for the subsequent, and allegedly retaliatory, indictment is the same as for the initial action. See, e.g., Blackledge v. Perry, 417 U.S. 21 (1974) (defendant convicted of state misdemeanor offense claimed vindictiveness when indicted for state felony offense arising out of same incident after filing notice of appeal); United States v. Andrews, 612 F.2d 235 (6th Cir. 1979) (defendants indicted for several federal offenses claimed retaliation for seeking bail when a superseding indictment added an additional federal count); United States v. Eddy, 737 F.2d 564 (6th Cir. 1984) (defendant acquitted of federal charges claimed vindictiveness when subsequently indicted for perjury in connection with an earlier criminal case). In contrast, in cases where a defendant received a harsher sentence on retrial, the Supreme Court has found there to be little opportunity for vindictiveness so long as the sentence was imposed by a different court, Colten v. Kentucky, 407 U.S. 104 (1972), or by a different jury, Chaffin v. Stynchcombe, 412 U.S. 17 (1973).
 
 
 5
 The present case involves indictments stemming from the same incident but issued by separate prosecuting authorities, the Commonwealth of Kentucky and the federal government. Consequently, we find the opportunity for vindictiveness minimal. The sole evidence linking the federal firearms indictment to the state manslaughter proceedings were comments made by Detective Bellamy to Henson's lawyer, and the fact that the second indictment was returned at the first meeting of the grand jury following Henson's acquittal. This is insufficient to show that the two sovereigns were in collusion to punish Henson for appealing his state conviction. Henson failed to show any specific animus or ill will directed toward him. He was simply charged with an offense carrying a maximum two-year sentence after being acquitted of a crime for which he had received a twelve-year sentence. We view this case as involving nothing more than the exercise of normal prosecutorial discretion. No vindictiveness can be inferred from the fact that the federal government postponed prosecution of the firearms charge until after Henson was acquitted of manslaughter. United States v. Ng, 699 F.2d 63, 68 (2nd Cir. 1983).
 
 
 6
 Accordingly, the decision of the district court is affirmed.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., Chief United States District Judge for the Middle District of Tennessee, sitting by designation